PFE/JRH: May 2022
GJ # 18

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# <u>WESTERN DIVISION</u>

| | |
|---|---|
| **UNITED STATES OF AMERICA**  ) | |
| ) | Case No.: |
| **v.**  ) | |
| ) | |
| **QUINCY TERRELL DOSS**  ) | |

## <u>INDICTMENT</u>

The Grand Jury charges that:

### <u>COUNTs ONE and TWO</u>
### <u>18 U.S.C. §§ 1343 and 2</u>

*Introduction*

At all times relevant to this Indictment:

1.     The defendant resided in Tuscaloosa County within the Northern District of Alabama.

2.     The United States Small Business Administration ("SBA") was an executive branch agency of the United States government that provided support to entrepreneurs and small businesses.

3.     The SBA enabled and provided for loans through banks, credit unions, and other lenders. These loans had government-backed guarantees. In addition to traditional SBA funding programs, The Coronavirus Aid, Relief, and Economic

1

Security ("CARES") Act, established several new temporary programs and provided for the expansion of others to address the COVID-19 pandemic, which was declared a nationwide disaster by the President on March 13, 2020.

4. One of the new programs was the SBA Paycheck Protection Program ("PPP"), which was a loan designed to provide a direct incentive for small businesses to keep their workers on the payroll. Under this program, the SBA could forgive all or part of loans if employees were kept on the payroll for eight weeks and borrowers submitted documentation confirming the loan proceeds were used for certain qualifying business expenses, such as payroll.

5. Interested applicants applied through an existing SBA lender or any other participating federally insured financial institution. The PPP application process required applicants to submit a Borrower Application Form through an SBA-approved financial entity. The application contained information as to the purpose of the loan, average monthly payroll, number of employees, and background of the business and its owner. Applicants were also required to make certain good faith certifications, including that economic uncertainty had necessitated their loan requests for continued business operations, and that they intended to use the loan proceeds only for the authorized purposes.

## *The Scheme and Artifice*

6.      Beginning on an unknown date, but no later than in or around April 2021, and continuing through at least in or around November 2021, in the Northern District of Alabama and elsewhere, the defendant,

**QUINCY TERRELL DOSS**,

knowingly devised and intended to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

## *Manner and means of the Scheme and Artifice*

7.      The manner and means by which the defendant sought to accomplish the scheme to defraud included, among others, the following:

a.      It was a part of the scheme and artifice that the defendant would and did purport to own and operate a small business when in fact the business was nonoperational.

b.      It was further a part of the scheme and artifice that, to induce the SBA and financial institutions to fund PPP loans for the nonoperational business, the defendant would and did prepare and submit, and cause to be prepared and submitted, false and fraudulent applications to financial institutions and the SBA that included several materially false and fraudulent representations and pretenses, such as:

     i. stating a business name, owner, address, telephone number, number of employees, gross revenue, and payroll costs suggesting that the company was an operating business;

     ii. including fraudulent supporting documentation, such as fabricated and misleading tax records;

     iii. making several false certifications regarding his eligibility to apply for a PPP loan, the operation of the business, and the use of PPP loan funds; and,

     iv. affirming the truth of the statements in the application.

  c. It was further a part of the scheme and artifice that the defendant would and did open and cause to be opened financial institution accounts into which the fraudulently obtained PPP loan funds would be transferred via interstate wires;

  d. It was further a part of the scheme and artifice that the defendant would and did cause federally-insured financial institutions to send PPP loan proceeds via interstate wire transfers; and,

  e. It was further a part of the scheme and artifice that the defendant would and did perform acts and make statements to promote and achieve the object for the scheme and artifice to misrepresent, hide, and conceal, and cause to be misrepresented, hidden, and concealed, the purpose of the scheme and artifice and the acts committed in furtherance thereof.

*Execution of the Scheme and Artifice*

8.  On or about the dates set forth below in each count, in the Northern District of Alabama and elsewhere, the defendant, QUINCY TERRELL DOSS, for the purpose of executing the aforesaid scheme and artifice, knowingly and intentionally transmitted and caused to be transmitted by means of wire communication in interstate and foreign commerce the writings, signs, signals, pictures, and sounds described below, each transmission constituting a separate count:

| COUNT | DATE OF WIRE | DESCRIPTION OF WIRE |
|---|---|---|
| ONE | April 13, 2021 | A wire transfer in the amount of $110,416 in PPP loan funds, sent from outside of Alabama to a financial institution account in the defendant's name within the Northern District of Alabama. |
| TWO | July 6, 2021 | A wire transfer in the amount of $110,417 in PPP loan funds, sent from outside of Alabama to a financial institution account in the defendant's name within the Northern District of Alabama. |

All in violation of 18 U.S.C. §§ 1343 and 2.

## **NOTICE OF FORFEITURE**

9.  The allegations contained in Counts One and Two are incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

10. Upon conviction of a violation of 18 U.S.C. § 1343, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. §

2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the violation.

11. The property to be forfeited includes, but is not limited to, a money judgment of at least $220,833, representing the proceeds obtained from the offense.

12. If any of the property described above, because of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or,

    e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL

*/s/ Electronic Signature*
FOREPERSON OF THE GRAND JURY

                                      PRIM F. ESCALONA
                                      United States Attorney

                                      */s/ Electronic Signature*
                                      JONATHAN "JACK" HARRINGTON
                                      Assistant United States Attorney