# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# <u>WESTERN DIVISION</u>

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Case: 7:22-cr-00131-LSC-GMB |
| | ) |
| QUINCY TERRELL DOSS | ) |

## <u>PLEA AGREEMENT</u>

The government and the Defendant, **QUINCY TERRELL DOSS**, hereby acknowledge the following plea agreement in this case:

## <u>PLEA</u>

The Defendant agrees to (i) plead guilty to Count ONE (1) of the Indictment filed in the above numbered and captioned matter, (ii) pay restitution as recommended by the Government, and (iii) waive certain of his rights to direct appeal and collateral attack as outlined in Section **IV** of this agreement. In exchange, the United States Attorney, acting on behalf of the Government and through the undersigned Assistant United States Attorney, agrees to (i) dismiss Count TWO (2) of the Indictment at the time of sentencing and (ii) recommend the disposition specified below, subject to the conditions in Sections **VII** and **VIII**.

Defendant's Initials: 

## TERMS OF THE AGREEMENT

### I. MAXIMUM PUNISHMENT

The Defendant understands the maximum statutory punishment that may be imposed for the crime of wire fraud, in violation of Title 18, United States Code, Section 1343, as charged in Count One, is:

a. Imprisonment for no more than 20 years;

b. A fine of $250,000;

c. Both (a and b);

d. Supervised release; and

e. Special Assessment Fee of $100.

### II. FACTUAL BASIS FOR PLEA

The government is prepared to prove, at a minimum, the following facts at the trial of this case:

#### A. Overview of the Paycheck Protection Program (PPP)

The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was enacted in March 2020 and designed to provide emergency financial assistance to Americans suffering from the economic effects of the COVID-19 pandemic. Among other initiatives, the CARES Act, through the PPP, authorized up to $349 billion in potentially forgivable loans to small business for payroll, job retention, mortgage interest, and certain other applicable expenses. Each loan draw had a specific

Defendant's Initials

application process and requirements.

The Small Business Administration (SBA) oversaw the PPP and fully guaranteed every legitimate PPP loan. The SBA would forgive PPP loans if all employee retention criteria were met, and the funds were used for eligible expenses within a designated period as set forth in the PPP. The individual PPP loans, however, were issued by private, SBA-approved lenders who received and processed the PPP applications. Thus, the loans were made from the lenders' own funds.

To apply for a PPP loan, a qualifying business was required to submit a PPP loan application to an SBA-approved lender. In the PPP loan application (SBA Form 2483), the small business (through its authorized representative) had to verify its average monthly payroll and the total number of employees. These figures were used to calculate the amount of money the business was eligible to receive under the PPP. The maximum PPP loan amount a business could receive was 2.5 times the business's average monthly payroll costs, up to $10 million.

The borrower was required to make several affirmative certifications as part of the PPP application process, including: (1) the business was in operation on February 15, 2020 and has employees for whom it paid salaries and payroll taxes or paid independent contractors, (2) the funds would be used to retain workers and otherwise comply with the fund eligibility restrictions, and (3) the information

Defendant's Initials: ___

provided in the application and supporting documentation was true and accurate in all material aspects. The borrower was also required to certify that he or she had not within five years of signing the application pleaded guilty to a felony involving, among other things, bribery.

### B. Overview of the Wire Fraud Scheme

Between April and July 2021, Defendant Doss received two PPP loans totaling more than $220,000. Defendant Doss knowingly and with the intent to defraud used materially false or fraudulent pretenses, representations, or promises to obtain the loans, each constituting an individual act of wire fraud. Specifically, Defendant Doss submitted PPP loan application forms replete with material falsehoods and supported by fraudulent documentation purporting to own and operate a small business that, in matter of fact, did not exist.

### C. Defendant Doss' Acts in Furtherance of the Scheme

*1. First Draw PPP Loan*

On or about April 8, 2021, Defendant Doss completed an application for a first draw PPP loan through MBE Capital Partners, a financial services firm based in New Jersey. On his SBA Form 2483, Doss claimed to own a business with the legal name "QUINCY DOSS" and listed a residential address in Tuscaloosa as the


Defendant's Initials:

business address. Doss claimed to have 15 employees and a monthly payroll of $44,166. He certified the loan was for payroll costs. These representations on the Form 2483 were materially false.

As part of his application, Defendant Doss provided a 2019 Schedule C (Profit or Loss from Business) indicating that his "landscaping and lawn care" business had $635,000 in gross receipts, paid $530,000 in wages, and yielded a net profit of $101,400. The 2019 Schedule C Doss submitted in support of his PPP application was fraudulent. Defendant Doss never filed a 2019 Schedule C with the Internal Revenue Service (IRS).

On July 28, 2016, Doss pleaded guilty to conspiracy to bribe public officials in violation of 18 U.S.C. § 371. He began his current term of supervised release in June 2018. On his PPP application form, Doss answered "no" to whether "within the last 5 years, *for any felony involving* fraud, bribery, embezzlement, or a false statement in a loan application ... has the Applicant ... 1) been convicted; 2) pleaded guilty; 3) pleaded nolo contendere; or 4) commenced any form of parole or probation?" The application explicitly states that the loan will not be approved if the applicant answers "yes" to that question.

Based on the false and fraudulent misrepresentations, certifications, and documentation outline above, among other false and fraudulent representations,

Defendant's Initials: 

MBA Capital wired $110,416 to Doss's Alabama ONE Credit Union checking account. This transaction constituted an inter-state wire. Doss' checking account ending #6176, which was credited $110,416 on April 13 with the following description: "Deposit MBE CAPITAL – 4.12 PPP2." Doss transferred $110,387.51 to his Alabama ONE account ending #6918, a business account he opened immediately prior to applying for the PPP loan. Doss then began writing checks every week made out to "Cash" in amounts below the $10,000 reporting threshold until he had substantially depleted the PPP loan funds.

### 2. *Second Draw PPP Loan*

On or about June 23, 2021, Doss completed an application for a second draw PPP loan through a combination of MBE Capital Partners and Enterprise Center Capital Corporation ("Enterprise Capital"), the latter of which held the promissory note. Enterprise Capital is headquartered in Philadelphia, PA. On his SBA Form 2483-SD ("Second Draw"), Doss claimed his business had an average monthly payroll of $44,167 and six employees. He included the same residential address, telephone number, business TIN, NAICS Code, and email account as his first draw PPP application. He included his first draw PPP loan number and noted 2020 gross receipts of $375,000 and 2009 gross receipts of $635,000. These representations on the Form 2483 were materially false.

Defendant's Initials: ___

Once again, as part of his second draw application, Defendant Doss provided a 2019 Schedule C indicating that his "landscaping and lawn care" business had $635,000 in gross receipts, paid $530,000 in wages, and yielded a net profit of $101,400. The 2019 Schedule C Doss submitted in support of his PPP application was fraudulent. Defendant Doss never filed a 2019 Schedule C with the Internal Revenue Service (IRS).

Once again, Defendant Doss answered "no" to whether "within the last 5 years, *for any felony involving* fraud, bribery, embezzlement, or a false statement in a loan application ... has the Applicant ... 1) been convicted; 2) pleaded guilty; 3) pleaded nolo contendere; or 4) commenced any form of parole or probation?" Like the first draw application, Defendant Doss' second draw application explicitly states that the loan will not be approved if the applicant answers "yes" to that question.

Based on the false and fraudulent misrepresentations, certifications, and documentation outline above, among other false and fraudulent representations, Enterprise Capital wired $110,417 to Doss's Alabama ONE Credit Union checking account. This transaction constituted an inter-state wire. Doss' checking account ending #6176 was credited $110,417 on July 6, 2021, with the following description: "Deposit THE ENTERPRISE C – Payment." Doss once again immediately transferred $110,141 to his Alabama ONE account ending #6918. Doss then began

Defendant's Initials:

writing checks every week made out to "Cash" in amounts below the $10,000 reporting threshold until he had substantially depleted the PPP loan funds.

\* \* \*

The parties stipulate that venue is appropriate in the Northern District of Alabama and that the total loss attributable to Defendant Doss for the purposes of sentencing was more than $150,000 and less than $250,000.

**The Defendant hereby stipulates that the facts stated above are substantially correct and that the Court can use these facts in calculating the Defendant's sentence. The Defendant further acknowledges that these facts do not constitute all the evidence of each act that the Defendant may have committed.**

_____
QUINCY TERRELL DOSS

## III. RECOMMENDED SENTENCE

Subject to the limitations in paragraph **VIII** regarding subsequent conduct and pursuant to Rule 11(c)(1)(B), Fed. R. Crim. P., the government will recommend the following disposition:

Defendant's Initials: _____

a. That the Defendant be awarded an appropriate reduction in offense level for acceptance of responsibility. The government may oppose any adjustment for acceptance of responsibility if the Defendant (i) fails to admit each and every item in the factual stipulation for which he has knowledge; (ii) denies involvement in the offense; (iii) gives conflicting statements about the Defendant's involvement in the offense; (iv) is untruthful with the Court, the government, or the United States Probation Officer; (v) obstructs or attempts to obstruct justice prior to sentencing; (vi) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (vii) attempts to withdraw the plea of guilty for any reason other than those expressly enumerated in the Waiver of Right to Appeal and Post-Conviction Relief section of this plea agreement;

b. That the Defendant be remanded to the custody of the Bureau of Prisons and incarcerated for a term consistent with the advisory United States Sentencing Guideline range as that is determined by the court on the date that the sentence is pronounced;

c. That following the term of imprisonment imposed by the Court, the Defendant be placed on supervised release for a period to be determined by the court, subject to the standard conditions of supervised release as set forth in U.S.S.G. § 5D1.3;

d. That the Defendant be required to pay a fine in accordance with the sentencing guidelines, said amount due and owing as of the date sentence is pronounced, with any outstanding balance to be paid in full by the expiration of the term of supervised release;

e. That the Defendant be required to pay restitution, if applicable, as ordered by the court on the date sentence is pronounced; and

f. That the Defendant pay a special assessment fee of $100, said amount due and owing as of the date sentence is pronounced.

## IV. WAIVER OF RIGHT TO APPEAL & POST-CONVICTION RELIEF

**In consideration of the recommended disposition of this case, I, QUINCY**

Defendant's Initials: *QU*

TERRELL DOSS, hereby waive and give up my right to appeal my conviction and/or sentence in this case, as well as any fines, restitution, and forfeiture orders, the court might impose. Further, I waive and give up the right to challenge my conviction and/or sentence, any fines, restitution, forfeiture orders imposed or the manner in which my conviction and/or sentence, any fines, restitution, and forfeiture orders were determined in any post-conviction proceeding, including, but not limited to, a motion brought under 28 U.S.C. § 2255, and any argument that (1) the statute to which I am pleading guilty is unconstitutional or (2) the admitted conduct does not fall within the scope of the statute.

The Defendant reserves the right to contest in an appeal or post-conviction proceeding the following:

    (a)    Any sentence imposed in excess of the applicable statutory maximum sentence;

    (b)    Any sentence imposed in excess of the guideline sentencing range determined by the court at the time sentence is imposed; and

    (c)    Ineffective assistance of counsel.

The Defendant acknowledges that before giving up these rights, the Defendant discussed the Federal Sentencing Guidelines and their application to the Defendant's case with the Defendant's attorney, who explained them to the

Defendant's Initials: ___

**Defendant's satisfaction. The Defendant further acknowledges and understands that the government retains its right to appeal where authorized by statute.**

**I, QUINCY TERRELL DOSS, hereby place my signature on the line directly below to signify that I fully understand the foregoing paragraphs, and that I am knowingly and voluntarily entering into this waiver.**

_____
QUINCY TERRELL DOSS

## V. UNITED STATES SENTENCING GUIDELINES

Defendant's counsel has explained to the Defendant, that considering the United States Supreme Court's decision in <u>United States v. Booker</u>, the federal sentencing guidelines are **advisory** in nature. Sentencing is in the court's discretion and is no longer required to be within the guideline range. The Defendant agrees that, pursuant to this agreement, the court may use facts it finds by a preponderance of the evidence to reach an advisory guideline range, and Defendant explicitly waives any right to have those facts found by a jury beyond a reasonable doubt.

## VI. AGREEMENT NOT BINDING ON COURT

The Defendant fully and completely understands and agrees that it is the Court's duty to impose sentence upon the Defendant and that any sentence

Defendant's Initials: _____

recommended by the government is **NOT BINDING UPON THE COURT,** and that the Court is not required to accept the government's recommendation. Further, the Defendant understands that if the Court does not accept the government's recommendation, the Defendant does not have the right to withdraw the guilty plea.

## VII. VOIDING OF AGREEMENT

The Defendant understands that should the Defendant move the Court to accept the Defendant's plea of guilty in accordance with, or pursuant to, the provisions of North Carolina v. Alford, 400 U.S. 25 (1970), or tender a plea of *nolo contendere* to the charges, this agreement will become NULL and VOID. In that event, the Government will not be bound by any of the terms, conditions, or recommendations, express or implied, which are contained herein.

## VIII. SUBSEQUENT CONDUCT

**The Defendant understands that should the Defendant violate any condition of pretrial release or violate any federal, state, or local law, or should the Defendant say or do something that is inconsistent with acceptance of responsibility, the United States will no longer be bound by its obligation to make the recommendations set forth in paragraph III of the Agreement, but instead, may make any recommendation deemed appropriate by the United States Attorney in her sole discretion.**

Defendant's Initials: [initials]

## IX. OTHER DISTRICTS AND JURISDICTIONS

The Defendant understands and agrees that this agreement **DOES NOT BIND** any other United States Attorney in any other district, or any other state or local authority.

## X. COLLECTION OF FINANCIAL OBLIGATION

To facilitate the collection of financial obligations to be imposed in connection with this prosecution, the Defendant agrees to fully disclose all assets in which he has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party. The Defendant also will promptly submit a completed financial statement to the United States Attorney's Office, in a form that it provides and as it directs. The Defendant also agrees that the Defendant's financial statement and disclosures will be complete, accurate, and truthful. Finally, the Defendant expressly authorizes the United States Attorney's Office to obtain a credit report on the Defendant to evaluate the Defendant's ability to satisfy any financial obligation imposed by the Court.

## XI. RELEVANT CONDUCT AND RESTITUTION

As part of the Defendant's plea agreement, the Defendant admits to the above facts associated with the charges and relevant conduct for any other acts. The Defendant understands and agrees that the relevant conduct contained in the factual basis will be used by the Court to determine the Defendant's range of punishment

Defendant's Initials

under the advisory sentencing guidelines. The Defendant admits that all the crimes listed in the factual basis are part of the same acts, scheme, and course of conduct. This agreement is not meant, however, to prohibit the United States Probation Office or the Court from considering any other acts and factors which may constitute or relate to relevant conduct. Additionally, if this agreement contains any provisions providing for the dismissal of any counts, the Defendant agrees to pay any appropriate restitution to each of the separate and proximate victims related to those counts should there be any.

## XII. <u>TAX, FORFEITURE & OTHER CIVIL/ADMINISTRATIVE PROCEEDINGS</u>

Unless otherwise specified herein, the Defendant understands and acknowledges that this agreement does not apply to or in any way limit any pending or prospective proceedings related to Defendant's **tax liabilities**, if any, or to any pending or prospective **forfeiture** or other **civil** or **administrative** proceedings.

The Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which Defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and Defendant understands that no one, including his attorney or the district court, can predict to a

Defendant's Initials: [signature]

certainty the effect of his conviction on his immigration status. The Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

## XIII. DEFENDANT'S UNDERSTANDING

I have read and understand the provisions of this agreement consisting of seventeen (17) pages. I have discussed the case and my constitutional and other rights with my lawyer. I am satisfied with my lawyer's representation in this case. I understand that by pleading guilty, I will be waiving and giving up my right to continue to plead not guilty, to a trial by jury, to the assistance of counsel at that trial, to confront, cross-examine, or compel the attendance of witnesses, to present evidence on my behalf, to maintain my privilege against self-incrimination, and to the presumption of innocence. I agree to enter my plea as indicated above on the terms and conditions set forth herein.

**NO OTHER PROMISES OR REPRESENTATIONS HAVE BEEN MADE TO ME BY THE PROSECUTOR, OR BY ANYONE ELSE, NOR HAVE ANY THREATS BEEN MADE OR FORCE USED TO INDUCE ME TO PLEAD GUILTY.**

I further state that I have not had any drugs, medication, or alcohol within the past 48 hours except as stated here (Write "N/A" if none):

Defendant's Initials 

I understand that this Plea Agreement will take effect and will be binding as to the Parties **only** after all necessary signatures have been affixed hereto.

I have personally and voluntarily placed my initials on every page of this Agreement and have signed the signature line below to indicate that I have read, understand, and approve all the provisions of this Agreement, both individually and as a total binding agreement.

6-16-22
DATE

**QUINCY TERRELL DOSS**
Defendant

## XIV. COUNSEL'S ACKNOWLEDGMENT

I have discussed this case with my client in detail and have advised my client of all my client's rights and all possible defenses. My client has conveyed to me that he understands this Agreement and consents to all its terms. I believe the plea and disposition set forth herein are appropriate under the facts of this case and are in accord with my best judgment. I concur in the entry of the plea on the terms and conditions set forth herein.

6-16-22
DATE

Roderick Walls
Defendant's Counsel

Defendant's Initials: _QD_

## XV. <u>GOVERNMENT'S ACKNOWLEDGMENT</u>

I have reviewed this matter and this Agreement and concur that the plea and disposition set forth herein are appropriate and are in the interests of justice.

PRIM F. ESCALONA
United States Attorney

6/23/22
DATE

Jonathan "Jack" Harrington
Assistant United States Attorney

Defendant's Initials: ___